UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CODY MILLER WILLIAMS, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Case No. 4:23-cv-00054-BLW <br> Criminal Case No. 4:19-cr-00181-BLW-1 <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Cody Miller Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Civ. Dkt. 1, Crim. Dkt. 97. The Government has responded (Civ. Dkt. 14) and Williams has replied (Civ. Dkts. 17, 18). Also before the Court is Williams' Motion to Amend Judgment (Crim. Dkt. 101), which the Government likewise opposes (Crim. Dkt. 105). The Court will deny both Motions.

## BACKGROUND

Williams pleaded guilty to possession of a firearm by a prohibited person pursuant to a signed plea agreement in September 2021. The plea agreement contained a general waiver of rights to appeal or collaterally attack the plea and

sentence, with limited exceptions. *Plea Agreement*, Crim. Dkt. 66, at 8–9. Richard Hearn represented Williams during plea negotiations and at sentencing. In December 2021, the Court sentenced Williams to a 42-month term of imprisonment to be followed by three years' supervised release. *J.*, Crim. Dkt. 81, at 2, 3. The Court ordered that Williams' sentence would run consecutively to his three sentences previously imposed by the state court until September 1, 2022. *Id.* at 2. On that date, the sentence in this case would run concurrently to the state court sentences. *Id.* The Court recommended to the Bureau of Prisons that Williams be credited with all time served in federal custody. *Id.* It explained during the hearing that it expected the BOP to afford Williams credit for any time spent in custody which was not credited against his parole violations in his state court cases. *Sent. Tr.*, Crim. Dkt. 91, at 36.

Williams spent approximately 26 months in federal custody during the pendency of this case.[1] Prior to entering federal custody, he had been arrested pursuant to Agent's Warrants regarding parole violations in the three state court cases referenced by this Court. *PSR*, Crim. Dkt. 75, at 9–11.

---

[1] Williams's initial appearance on this case occurred on October 23, 2019, pursuant to a writ of habeas corpus ad prosequendum. Crim. Dkt. 11. He was sentenced on December 13, 2021.

**MEMORANDUM DECISION AND ORDER - 2**

Following the sentencing hearing, Williams apparently was returned to state custody to serve the sentences in his state court cases for which he was on parole and was transferred into the custody of the Bureau of Prisons approximately five weeks later on January 28, 2022. Civ. Dkt. 14-1, at 2. When he entered BOP custody on that date, he was afforded credit for no days previously spent in federal custody. *Id.* ("Total Prior Credit Time . . . 0"). The Idaho Commission of Pardons and Parole credited the period during which Williams was in federal custody between October 23, 2019, and December 15, 2021, against his state parole violations. *Resp. to Order*, Civ. Dkt. 21, at 1–2.[2]

Williams raises two claims in his § 2255 Motion: (1) that he is entitled to representation on the Motion; and (2) that his right to due process has been violated because he did not receive credit for the 26 months that he spent in federal

---

[2] The Court directed the parties to supplement the record with any known information regarding whether the time Williams spent in federal custody during the pendency of this case was credited toward his state sentences. *Order*, Civ. Dkt. 19. On the Court's deadline to respond to its Order, the Government filed a motion to extend time. *Mot.*, Civ. Dkt. 20. The Government filed its response one day later. *Resp. to Order*, Civ. Dkt. 21. Finding good cause for the requested extension, the Court will grant the Government's motion and deem its response timely filed.

custody prior to sentencing. *Mot.*, Civ. Dkt. 1.[3] He clarifies in his reply[4] that his claim regarding the crediting of time is grounded on the allegedly deficient performance of his counsel at sentencing. *Reply*, Civ. Dkt. 18. The Court therefore construes the second ground of Williams' Motion as an ineffective assistance of counsel claim.

The issue regarding the crediting of time is the sole basis of his Motion to Amend Judgment. *Mot.*, Crim. Dkt. 101. In that Motion, Williams requests that the Court amend the judgment such that he will receive credit for those 26 months.

## LEGAL STANDARDS

### A.    Relief Under 28 U.S.C. § 2255

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is

---

[3] Although Williams' motion was filed in both the civil case and the underlying criminal case, the Court will cite only to the filing in the civil case.

[4] Williams filed a document styled "Motion" (Civ. Dkt. 17) and a document styled "Motion Reply Brief" (Civ. Dkt. 18) on the same date. The two documents' contents are virtually identical. To avoid confusion, the Court will cite only to the document styled "Motion Reply Brief" (Civ. Dkt. 18) when referencing Williams' reply.

otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir.1981).

A district court may dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.*

A response from the Government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To obtain an evidentiary hearing, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

The briefing and the record before the Court conclusively show that Williams is not entitled to relief.  Accordingly, the Court will decline to set the

matter for an evidentiary hearing.

**B.      Standard for Relief from a Final Judgment**

Williams has not identified a legal authority which entitles him to the relief he requests in his Motion to Amend Judgment. Crim. Dkt. 101. While a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be filed within 28 days of the entry of judgment, a motion for relief from a final judgment under Rule 60(b) enjoys a filing period of one year. Courts are not free to extend the time to file a motion pursuant to either rule. Fed. R. Civ. P. 6(b)(2) (2022). Therefore, the Court will construe Williams' Motion to Amend Judgment as a timely motion governed by Rule 60(b).

A court may grant relief from a final judgment or order under Rule 60(b) on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2022).

**MEMORANDUM DECISION AND ORDER - 6**

## ANALYSIS

**A.     Section 2255 Motion**

Preliminarily, Williams seeks legal representation.  However, the Court has already denied his prior motions for counsel in this action, and sees no reason to reconsider that decision. *Order*, Crim. Dkt. 100.

Turning to Williams's substantive claims, he asserts that his right to due process has been violated because his sentence was fashioned in such a way that he is unable to receive credit for the 26 months that he spent in federal custody during the pendency of this case.  *Mot.*, Civ. Dkt. 1 at 5. He clarifies in his reply that Hearn rendered ineffective assistance of counsel by failing to "properly have things worded at sentencing or get the plea deal clear so that it would be less confusing" for Williams to receive credit for time served in federal custody. *Reply*, Civ. Dkt. 18, at 1. He also requests in his reply that the Court order the production of e-mail messages between Hearn and the Government discussing the parties' agreement with respect to recommending credit for time served. *Id.*

The Government argues that the issue of crediting time is forfeited because Williams failed to raise it on direct appeal or, in the alternative, that the issue is waived pursuant to § 7 of the parties' plea agreement. *Resp.*, Civ. Dkt. 14; *see Plea Agreement*, Crim. Dkt. 66, at 7–8 ("Waiver of Right to Direct Appeal and to

Collateral Attack Under 28 U.S.C. § 2255"). Because the Government does not interpret Williams' Motion as an ineffective assistance of counsel claim, it asserts the claim was waived. The Court will not order the Government to address Williams' ineffective assistance of counsel claim because the record clearly shows that Williams' counsel did not perform deficiently in this respect. *See Rule 5(a) of the Rules Governing Section 2255 Proceedings* ("[t]he respondent is not required to answer the motion unless a judge so orders.").

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, a petitioner must prove that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel was within the range of reasonable assistance. *Id*. at 689. To establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

MEMORANDUM DECISION AND ORDER - 8

at 694.

In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Id*. at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

In evaluating Williams' claim, the Court turns first to the prejudice prong of the *Strickland* test. Williams argues that Hearn rendered ineffective assistance because he failed to persuade the Court to afford him credit for the 26 months that he spent in federal custody during the pendency of this case. *Reply*, Civ. Dkt. 18, at 1. Williams' comprehension of his sentence appears to be incomplete. This Court did recommend to the BOP that Williams "be credited with all time served in federal custody . . . ." *J.*, Crim. Dkt. 81, at 2. It explained at the sentencing hearing that the BOP would not apply credit against his sentence that was credited against his parole violations in his state court sentences. *Sent. Tr.*, Crim. Dkt. 91, at 36. At that time, the Court and the United States Probation Office expected that only the eight-month period in which Williams was in state custody prior to coming into federal custody would be credited against his parole violations. *See id.* It did ultimately explain, however, at the hearing's conclusion that Williams would likely not receive credit towards his federal sentence which was applied against his

parole violations. *Id.* at 43–44.

The Court's qualification of its recommendation to the BOP regarding the

crediting of Williams' time comports with 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of
> imprisonment for any time he has spent in official detention prior to
> the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed;
>     or
> (2) as a result of any other charge for which the defendant was
>     arrested after the commission of the offense for which the
>     sentence was imposed;
>
> *that has not been credited against another sentence.*

(emphasis added). The State of Idaho applied against Williams' parole violations

all of the time which he spent in federal custody during the pendency of this case.

*Resp. to Order*, Civ. Dkt. 21, at 1–2. Indeed, Williams only served 40 days of his

state sentences following his sentencing in this Court before the BOP began

computing time against his federal sentence in January 2022, although this Court

had ordered that the sentence in this case would run consecutively to Williams'

state sentences until that September. Civ. Dkt. 14-1, at 1.

Williams misapprehends the law if he believes his 26 months in federal

custody could have been credited against his sentences in three state cases *and* his

sentence in this case. *See* 18 U.S.C. § 3585(b). He has suffered no prejudice. The

Court need not proceed further with its *Strickland* analysis to conclude that Williams' counsel was not constitutionally deficient. *See Strickland*, 466 U.S. at 697 (a court need not consider one component if there is an insufficient showing of the other).

### B.    Motion to Amend Judgment

Williams has not stated which ground for relief under Rule 60(b) applies to this case. *See generally Mot.*, Crim. Dkt. 101. Because Williams claims that he is entitled to have the 26 months which he spent in federal custody during the pendency of this case credited against his federal sentence, the Court construes his Motion to invoke Rule 60(b)(5), which authorizes relief if a judgment has been discharged or is no longer equitable, or Rule 60(b)(6), which authorizes the Court to grant relief for any other reason which justifies that remedy. Fed. R. Civ. P. 60(b) (2022).

Such relief is not warranted here. As stated above, the judgment issued by this Court already includes a recommendation that the BOP credit Williams "with all time served in federal custody . . . ." *J.*, Crim. Dkt. 81, at 2. The BOP has already followed this Court's recommendation and § 3585(b)'s limitations on the

computation of credit time.[5] The Court sees no anomalies or inequities in its judgment as issued.

## CONCLUSION

For the foregoing reasons, the § 2255 Motion and the Motion to Amend Judgment will be denied.

## Certificate of Appealability

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on

---

[5] Furthermore, the district court does not compute credit under 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Bureau of Prisons is charged with that task because a defendant may continue to accrue more creditable time following his sentencing. *Id.*

the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Williams' claims to be debatable or deserving of further review. Accordingly, the Court will decline to issue a certificate of appealability with respect to the § 2255 motion.

If Williams wishes to proceed to the United States Court of Appeals for the Ninth Circuit regarding his § 2255 motion, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

A separate judgment shall follow.

## ORDER

**IT IS ORDERED that:**

1.  Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Dkt. 1; Crim. Dkt. 97) is **DENIED AND DISMISSED** in its entirety;

2.  Williams' Motion to Amend Judgment (Crim. Dkt. 101) is **DENIED**;

3.     The Government's Motion for Extension of Time to File Response to the Court's Order for Additional Information on Petitioner's Prior Credit Time (Civ. Dkt. 20) is **GRANTED**; and

4.     no certificate of appealability shall issue with respect to the § 2255 Motion.

DATED: January 4, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 14**