UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CODY MILLER WILLIAMS<br><br>Defendant. | Case No. 4:19-cr-00181-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence. *See* Dkt. 101. For the reasons explained below, the Court will deny the motions.

## BACKGROUND

On December 13, 2021, this Court sentenced Defendant Cody Miller Williams to 42 months' incarceration after he pleaded guilty to possession of a firearm by a prohibited person. *See Dec. 13, 2021 Judgment,* Dkt. 81. His Total Offense Level was 17 and his Criminal History Category was VI, which yielded a guidelines range of 51 to 63 months. *See Statement of Reasons*, Dkt. 85. As of this writing, Williams is incarcerated at a Residential Reentry Facility in Seattle, and his projected release date is January 20, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 23, 2024).

MEMORANDUM DECISION AND ORDER - 1

The genesis of Williams' charge here dates back to February 22, 2019, when he was arrested by a state parole officer for being a felon in possession of a firearm. *See PSR,* Dkt. 75, ¶¶ 5-8. That arrest triggered parole revocation proceedings in three separate cases: Bonneville County Case Nos. CR-2003-6307, CR-2008-16958, and CR-2014-8632. *See id.* ¶¶ 3, 31, 32, 33. Williams was indicted in this Court a few months later, in May 2019, but he was not arraigned until October 2019. He pleaded guilty roughly 30 months after that, on September 16, 2021. As noted above, this Court sentenced him to 42 months' incarceration. Between his February 22, 2019 arrest and December 13, 2021 sentencing hearing, Williams was receiving credit against his state sentences pending the state-court revocation proceedings. *See PSR,* Dkt. 75, ¶ 31-33.

During the sentencing hearing in this Court, the government indicated it might be appropriate for Williams to receive some sort of consideration for the period between February 2019 and October 2019. Specifically, with respect to that period of time, the prosecutor stated: "I doubt that the Bureau of Prisons will give him any credit for that. It seems like Mr. Hearn's [defense counsel's] request to have some type of consideration for that is fair." *Dec. 13, 2021 Tr.*, Dkt. 91, at 12:4-8. And with respect to the time served between October 2019 and December 2021, the prosecutor said that if the state-court parole violations were based solely

MEMORANDUM DECISION AND ORDER - 2

on this federal charge, then "perhaps some type of concurrent time would be appropriate." *Id.* at 12:14-18. Defense counsel, for his part, argued that the conduct was, in fact, identical, and thus argued that Mr. Williams should receive concurrent sentences. He also argued that Williams should receive time-served credit dating back to that February 22, 2019 arrest, which would amount to a total of 1,028 days, (33 months and 24 days) of credit. *See Sentencing Memo.*, Dkt. 77-1, at 3 & n.6.

    This issue was discussed at some length during the sentencing hearing. In that context, the Court clarified two key things, in a discussion with the probation officer and counsel: (1) If Mr. Williams was in federal custody—but receiving credit against a state sentence—BOP would not credit Mr. Williams for that time against his federal sentence; and (2) If, however, Mr. Williams was in custody of Bonneville County (being held on federal charges), and the state elected to dismiss the charges in favor of the federal prosecution, then Mr. Williams likely would receive credit against his federal sentence—unless, of course, the state credited him for time served against his parole violations. *See Tr.*, Dkt. 91, at 12:4 to 18:17.

    With these issues clarified, the Court elected to impose a partially concurrent, partially consecutive sentence: Williams' federal sentence was ordered to run *consecutively* to his sentences in the three state-court cases, but only until September 1, 2022, which was the month Williams was scheduled to go before the

MEMORANDUM DECISION AND ORDER - 3

parole commission. Beginning on September 1, 2022, Williams' federal sentence was ordered to run concurrently with his state sentences. *See Judgment,* Dkt. 81, at 2. The Court explained its reasoning as follows: "[T]he reason I do that is to provide a strong incentive to the Parole Commission when you come before them on a parole hearing in September of 2022 to simply parole you to federal custody for you to complete your sentence." *Dec. 13, 2021 Tr.*, Dkt. 91, at 37:5-8. The Court went on to explain how it thought Mr. Williams' sentence might play out— noting, however, that this was simply the Court's best guess:

> Now, my best guess, since the charges were filed … a little more than two years ago, and the pandemic has caused all this delay, you're going to receive credit for all of that time, I believe. Plus, you will receive good-time credit, so you get one-sixth of your sentence reduced, which I think might amount to as much as eight months.
>
> So it is possible, with the sentence I have in mind, that you may be doing maybe 16 months or thereabouts in a federal prison hopefully upon your being paroled by the state, which will give you enough time to come into custody. I think you will hopefully end up at a halfway house for a good chunk of that time. And we will just see; hopefully that's how it plays out, but that's roughly my best guess as to how that's going to happen.

*Id.* at 37:9-22.

In his pending motion, Williams explains that his sentence didn't play out as just explained—at least in terms of the credit Mr. Williams received against his federal sentence for time served. He explains that he began serving time in federal

MEMORANDUM DECISION AND ORDER - 4

prison on January 28, 2022. *See Motion,* Dkt. 101, at 1; *see also Response,* Dkt. 105, at 3. He says that his projected release date, at the time he filed his motion, was more than three years later, on March 2, 2025.[1] *Motion,* Dkt. 101, at 1. Under these circumstances, Williams is asking the Court to amend the judgment by eliminating the reference to a partially consecutive sentence, and revising it to say that his federal sentence should be served *concurrently* with his state-court sentences. *Id.* ("If the courts could change it to read concurrent then I could receive the 26 months the Judge was virtually certain the Bureau of Prisons would give").

## ANALYSIS

Williams does not advance any particular legal theory by which the Court could amend its judgment, and the Court has not independently identified any. Plus, the Court agrees with the government's argument that Mr. Williams' sentence is being handled in accordance with the judgment entered in this matter. For that reason, the Court has no choice but to deny the motion. In this particular case, BOP awarded credit for time served differently than the Court had anticipated. Notably, however, the Court simply recommended that Williams receive credit for time served; it has no authority to order BOP to award that credit.

---

[1] As noted above, the BOP's website currently indicates that Williams projected release date is January 20, 2025.

MEMORANDUM DECISION AND ORDER - 5

*See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that "§ 3585(b) does not authorize a district court to compute the credit [for time served] at sentencing"). And, aside from that, the Court does not have jurisdiction to amend a sentence after the fact, except in certain limited circumstances not present here. Accordingly, the Court must deny the motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Amend Judgment (Dkt. 101) is **DENIED**.

DATED: October 23, 2024

B. Lynn Winmill
U.S. District Court Judge